Ricardo Arturo QUELE–NAVARRO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Nos. 09–72768, 11–72430.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2013.

Submission Withdrawn Nov. 5, 2013.

Resubmitted Jan. 9, 2014.

Filed March 4, 2014.

Nathan Menta Zaslow, Law Office of Nathan Zaslow, San Jose, CA, for Petitioner.

---

* The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Elizabeth Do Kurlan, Trial, Office of Immigration Litigation, OIL, U.S. Department of Justice, Washington, DC, ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

## MEMORANDUM *

Petitioner Ricardo Arturo Quele–Navarro appeals the Board of Immigration Appeals' ("BIA") (1) dismissal of his appeal from the immigration judge's denial of his asylum, withholding of relief, and Convention Against Torture ("CAT") claims; and (2) denial of his motion to reopen with the BIA.

Since the BIA denied petitioner's claims, the law governing the "particular social group" analysis has changed. *See, e.g., Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc); *Matter of W–G–R–,* 26 I. & N. Dec. 208 (B.I.A.2014); *Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (B.I.A.2014). We therefore remand to the BIA to consider the effects, if any, of these recent decisions on the merits of petitioner's claims for relief based on membership in a particular social group.

The BIA's other conclusions are supported by substantial evidence. We agree with the BIA's determination that petitioner's claim of persecution based on his political opinion or imputed political opinion is foreclosed by our precedents. *See, e.g., Soriano v. Holder,* 569 F.3d 1162, 1164 (9th Cir.2009), *overruled on other grounds*

*by Henriquez–Rivas,* 707 F.3d at 1093–94. We also agree with the BIA's denial of petitioner's CAT claim, as its determination that petitioner did not meet his burden of demonstrating that he was more likely than not to be tortured upon returning to El Salvador was supported by substantial evidence.

In light of our decision to remand to the BIA, we do not reach petitioner's claim that the BIA erred in denying his motion to reopen based on new evidence.

**PETITION FOR REVIEW GRANTED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.